EFFRON, Judge
(concurring in the result):
I agree with the majority opinion that the use of telephonic testimony did not violate the Sixth Amendment. I respectfully disagree, however, with the opinion’s conclusion that the military judge did not abuse his discretion when he permitted testimony by telephone in this case.
*180 In the present case, the proponent of the testimony — the prosecution — offered to take and present the witness’ testimony by deposition. The military judge erred by not ordering a deposition as requested. Use of a deposition during sentencing is authorized expressly in RCM 1001(b)(4), Manual for Courts-Martial, United States (2000 ed.), which governs the prosecution’s evidence in aggravation in non-capital cases. The Rule allows two forms of evidence other than in-court witness testimony — oral and written depositions. RCM 702 provides detailed rules for the conduct of oral and written depositions. An oral deposition proceeds in the same manner as testimony at trial, with oral examination and cross-examination by counsel. In a written deposition proceeding, the questions are prepared in advance and are propounded by the deposition officer. In both formats, the parties are represented by counsel, the witness provides verbal answers, and the proceedings are recorded by a reporter or on videotape, audiotape, or sound film. In the present case, for example, the deposition could have been recorded on videotape and replayed during the court-martial. By contrast, there are no procedural safeguards specified for telephonic testimony, and the demeanor of the witness cannot be observed by counsel or the court-martial.
Although the telephone is a well-established means of communication that long predates videotape, the President has not authorized telephonic depositions or testimony in the circumstances of the present case. The majority opinion’s reliance on RCM 1001(e)(2)(D) as authority for telephonic testimony is misplaced. That Rule simply provides that the Government is not obligated to produce a live witness through a subpoena or travel orders unless “[ojther forms of evidence, such as oral depositions, written interrogatories, or former testimony would not be sufficient to meet the needs of the court martial in the determination of an appropriate sentence.” The reference in that Rule to three traditional forms of evidence with established roots in the Manual provides no authority for the creation of novel forms of evidence on behalf of the prosecution. Because the President has not authorized telephonic testimony by the prosecution when presenting evidence in aggravation under RCM 1001(b)(4), such testimony is not admissible unless it otherwise would be admissible under the Rules of Evidence.
If the military judge in the present case had granted the prosecution’s request to take the testimony of the sentencing witness by deposition, his action would have comported with the Rules. The military judge, however, decided to take the testimony by telephone. This is not a case in which the military judge was faced with an unprecedented situation involving, for example, a military exigency in which testimony would be lost unless he crafted a creative solution. Although the witness’ deployment was imminent, the military judge could have used an authorized procedure, a deposition, that was fully acceptable to the Government — the party that was the proponent of the witness. The only reasons the military judge gave on the record for rejecting a deposition were based on administrative efficacy: other witnesses would be inconvenienced and the trial would not conclude as swiftly as anticipated if a day were taken for the deposition at another post. In the absence of a compelling necessity for creating a judicial exception to RCM 1001(b)(4), the military judge erred by not ordering a deposition. The question of whether telephonic testimony should be permitted in sentencing proceedings is a matter that should be addressed in the Manual after careful consideration in the rulemaking process, not through judicial decisions at the trial and appellate levels in a case involving administrative convenience.
I agree with the ultimate conclusion reached by the majority opinion, however, because the error was harmless in this case. The defense was allowed to cross-examine the witness and did not develop any significant issues. The accused was tried by a military judge alone and the judge ruled that he would not consider the impact of the witness’ deployment as an aggravating factor. In a bench trial, the “prejudicial impact of erroneously admitted evidence is ... substantially less than it might have been in a jury trial.” United States v. Cacy, 43 MJ *181 214, 218 (1995), quoting United States v. Cardenas, 9 F.3d 1139, 1156 (5th Cir.1993), cert. denied, 511 U.S. 1134, 114 S.Ct. 2150, 128 L.Ed.2d 876 (1994).